W. J. RUBEL, Appellant, v. ED FISCHER et al., Appellees.

**CONTRACTS:** Validity of Assent—Signing Without Reading. A per-. son is conclusively presumed to know the contents of an instrument which he signs, when he can read and does not read, or when he can read with difficulty and calls for no explanation; and he is not, in either case, the victim of any fraud.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 12, 1924. :

REHEARING DENIED MAY 16, 1924.

SUIT in equity, to foreclose a mortgage clause in two leases of real estate. The two leases covered the same leased farm for two successive years respectively, and are identical in form, the same mortgage clause appearing in both of them. The defendants, being husband and wife, signed the leases, and occupied the premises for the leased term. Defendant Ed Fischer pleaded a general denial, with the admission that he signed the leases and the notes. He pleaded also the pendency of. bankruptcy proceedings upon his petition, and asked to stay proceedings. He also denied specifically that plaintiff had any lien upon the property described in the petition, because it was exempt to him under the statute. The same defense was pleaded by the defendant Mary Fischer. She pleaded further that she signed the lease without reading the same, and that she did not know its legal effect when she signed the same, and that its effect was in no manner explained to her. Decree was entered dismissing the petition, and plaintiff appeals.—*Reversed.*

*E. T. Bedell,* for appellant.

*J. A. Berry,* for appellees.

EVANS, J.—The record discloses no defense either in the pleadings or in the evidence. It does not appear either from the

pleadings or from any evidence that any fraudulent representation was made or that any fraud was practiced upon either defendant. It does appear that, at the time the parties signed the leases, they were not read to them, nor did anyone purport to explain them. A written instrument may not be defeated upon such ground. It is claimed that Mrs. Fischer had never had much schooling, and that she could read the leases only with difficulty. This fact was never disclosed by her to the plaintiff; nor was it known to the plaintiff. No artifice was used nor obstacle put in the way of any advice or assistance which she might choose to ask. The brief for defendants discloses their great poverty. The foreclosure, therefore, is a great hardship. In such cases, the courts are disposed to solve doubts quite liberally in favor of mercy, but they have no justification to ignore the legal rights of any litigant. The record herein presents no question of doubt as to the legal merits of the case. Judges, as individuals, are usually sympathetic, but they may not charge the cost of their sympathy to the pocket of the litigant who is legally entitled to judgment. Otherwise, "hard cases" make "bad law."

This record discloses no defense. The decree below is, accordingly, reversed.—*Reversed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.